IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mario Anton Lee, | C/A No.: 5:24-4251-CMC-KDW |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| Warden, F.C.I. Bennettsville, , | |
| Respondent. | |

Mario Anton Lee ("Petitioner") proceeding pro se, filed this Petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC for a Report and Recommendation on cross motions to dismiss and summary judgment. On September 16, 2024, Petitioner filed a Motion for Summary Judgment, ECF No. 18, to which Respondent filed a response on September 19, 2024, ECF No. 20. On September 19, 2024, Respondent also filed a Motion to Dismiss. ECF No. 19. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures, and the possible consequences if he failed to respond adequately to Respondent's Motion. ECF No. 21. Petitioner failed to respond. The court issued an order on October 30, 2024, directing Petitioner to advise the court whether he wished to continue with his case and to file a response to Respondent's Motion by November 29, 2024. ECF No. 24. On November 12, 2024, Petitioner filed a Response in Opposition to Respondent's Motion. ECF No. 26.

Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Petitioner's Motion for Summary Judgment, ECF No. 18, be denied, and Respondent's Motion to Dismiss, ECF No. 19, be granted.

1

I.     Factual and Procedural Background

Petitioner is an inmate incarcerated in FCI Oakdale, a facility of the federal Bureau of Prisons ("BOP"). ECF No. 27. At the time Petitioner filed his habeas Petition, Petitioner was housed at FCI Bennettsville. ECF No. 1. Petitioner files this Petition challenging a February 10, 2023, disciplinary conviction. ECF No. 1-1 at 6. Petitioner alleges the failure to provide him with an incident report within 24 hours of the incident violated his due process rights. ECF No. 1 at 5. Petitioner asks that the DHO report and sanctions be expunged, and his good time credits restored. *Id.* at 7.

Petitioner moves for summary judgment and asks the court to issue a declaration for abuse of process in the sum of $15,000. ECF No. 18 at 1. In support of his motion, Petitioner attaches a response to his regional appeal which explains that the incident report was expunged from this record as a record review revealed a due process violation. ECF No. 18-1 at 1.

Respondent filed a motion to dismiss, and a response in opposition to Petitioner's summary judgment motion. ECF No. 19. Respondent contends Petitioner's case is moot because Petitioner's disciplinary action has been expunged and his good time credits in the amount of 27 days have been restored. *Id.* at 3. In support of his motion, Respondent offers a declaration from J. Carter ("Carter") paralegal for the BOP South Carolina Consolidated Legal Center. ECF No. 28. Carter attaches Petitioner's disciplinary record and attests the records have been expunged of the challenged February 10, 2023, disciplinary action and his good conduct time has been restored. *Id.* at 3, 22.

In his Response in Opposition to Respondent's Motion, Petitioner contends that the Central Office denied his administrative remedies, but after he filed his habeas Petition with this court, the Mid-Atlantic region overruled the Central Office's response and expunged the DHO report. ECF

No. 26 at 1. Petitioner argues this was a clear abuse of process, and the court should grant Petitioner summary judgment and the requested declaration. *Id.*

"To qualify as a case fit for federal adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 117 S. Ct. 1055, 1068 (1997) (quoting *Steffel v. Thompson*, 94 S. Ct. 1209, 1216, n.10 (1974)). When the plaintiff no longer suffers from "an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision," *Lewis v. Continental Bank Corp.*, 110 S. Ct. 1249, 1254 (1990), the case is moot and must be dismissed for want of a case or controversy. Both parties agree Petitioner's disciplinary action has been expunged. Further, Respondent indicates Petitioner's good time credits have been restored, and Petitioner has not challenged the restoration of these credits. As Petitioner has received the relief he seeks in his Petition, i.e., expungement of disciplinary action and restoration of his good time credits, the undersigned recommends the court dismiss the Petition as moot. *See Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (explaining a federal court lacks authority to render decisions on moot questions or make rulings that cannot affect the case before it); *Ali v. Hooks*, No. 1:19CV481, 2020 WL 6875140, at *3–4 (M.D.N.C. Nov. 30, 2020) (dismissing the habeas petition as moot as petitioner had obtained the relief he sought in his petition); *Chestnut v. Warden Lewisburg USP*, 592 F. App'x 112, 113 (3d Cir. 2015) (explaining petitioner's "personal stake in the outcome disappeared after he filed his § 2241 petition when the DHO expunged the incident report and restored his good conduct time.").

To the extent Petitioner asserts a new claim for a declaratory judgment for abuse of process in the sum of $15,000 in his summary judgment motion, this claim is not properly before the court as it was not raised in Petitioner's habeas Petition. *See, e.g., Hurlbert v. St. Mary's Health Care*

3

*Sys., Inc.*, 439 F.3d 1286, 1297 (11th Cir. 2004) (ruling that plaintiff was not entitled to raise new claim in the midst of summary judgment); *Digsby v. U.S.*, Nos. 3:07cv76, 2010 WL 99054, at n.3 (W.D.N.C. Jan. 6, 2010) (explaining the new claims Petitioner raised as grounds for summary judgment were not properly before the court as Petitioner failed to file a motion to amend his original pleading to include these claims). Further, this request for relief should also be denied as a petitioner cannot bring a civil claim for monetary damages in a habeas action. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.").

  II.  Recommendation

  For the foregoing reasons, the undersigned recommends the Respondent's Motion to Dismiss, ECF No. 19, be granted, and the Petition in this matter be *dismissed as moot*. The undersigned further recommends that Petitioner's Motion for Summary Judgment, ECF No. 18, be denied.

  IT IS SO RECOMMENDED.

February 7, 2025                  Kaymani D. West
Florence, South Carolina             United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).