IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Mario Anton Lee,<br><br>                      Petitioner,<br>vs.<br><br>Warden, F.C.I. Bennettsville,<br><br>                      Respondent. | Civil Action No. 5:24-4251-CMC<br><br>**ORDER** |

      This matter is before the court on Petitioner's *pro se* Petition for writ of habeas corpus filed in this court pursuant to 28 U.S.C. § 2241. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report").

      On September 16, 2024, Petitioner filed a Motion for Summary Judgment (ECF No. 20) and Respondent filed a response (ECF No. 20). On September 19, 2024, Respondent also filed a Motion to Dismiss. ECF No. 19. Because Petitioner is proceeding *pro se*, an order was entered pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of summary judgment and dismissal procedures and the importance of filing a response. ECF No. 21. Petitioner did not respond. On October 20, 2024, the Magistrate Judge entered an order directing Petitioner to advise the court whether he wished to continue with his case and to file a response to Respondent's Motion to Dismiss. ECF No. 24. Petitioner filed a response in opposition to the Motion to Dismiss on November 12, 2024. ECF No. 26.

      On February 7, 2025, the Magistrate Judge entered a Report recommending Respondent's Motion to Dismiss be granted and Petitioner's Motion for Summary Judgment be denied. ECF No. 29. The Report found Petitioner's case is moot because he has received the relief he seeks in his

Petition: the challenged disciplinary action has been expunged from his prison record and his good time credits restored. *Id.* at 3. Although Petitioner's summary judgment motion also requests a declaratory judgment for abuse of process and damages of $15,000, the Report concluded that claim is not properly before the court as it was not raised in the Petition. *Id.* The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner failed to file objections.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order. Respondent's Motion to Dismiss (ECF No. 19) is hereby granted, and

Petitioner's Motion for Summary Judgment (ECF No. 18) is denied. The Petition is dismissed as moot.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
March 4, 2025